**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**

| | |
|---|---|
| DAMIEN MOORE,<br><br>    Plaintiff,<br><br>  vs.<br><br>TRANS UNION, LLC and EXPERIAN INFORMATION SOLUTIONS, INC,<br><br>    Defendants. | Civil Action No.:<br><br>COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Damien Moore ("Plaintiff") brings this action against defendants Trans Union, LLC ("TransUnion") and Experian Information Solutions, Inc. ("Experian") (together, "Defendants"), and alleges, based upon Plaintiff's personal knowledge, the investigation of counsel, and information and belief, as follows:

**NATURE OF THE ACTION**

1.      This is an action to recover damages for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA").   Defendants have been reporting inaccurate payment status information about Plaintiff's Federal Loan account.  Specifically, although the account was closed with a $0 balance, Defendants continued to report that the current payment status of the account was 180 days late.  Although Plaintiff disputed the reporting in writing, Defendants failed to correct the reporting.

2.      Defendants failure to correct the reporting has caused Plaintiff's credit score to decrease, made him less credit worthy, and has forced him to deal with aggravation and humiliation of a poor credit score.  Accordingly, Plaintiff is entitled to damages.

3.      Plaintiff seeks statutory, actual, and punitive damages, along with injunctive and declaratory relief, and attorneys' fees and costs.

1

**PARTIES**

4.      Plaintiff resides in Milledgeville, Georgia, and qualifies as a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5.      Defendant Experian Information Solutions, Inc. is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers.  Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

6.      Experian Information Solutions, Inc. is a corporation incorporated in the State of Florida, with its principal place of business located in Costa Mesa, California.

7.      Defendant TransUnion, LLC is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers.  TransUnion is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

8.      TransUnion, LLC is a limited liability company with its principal place of business located at 555 West Adams Street, Chicago, IL 60661.

## JURISDICTION AND VENUE

9.      The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.   All defendants regularly conduct business within the state of Georgia and violated Plaintiffs rights under the FCRA in the state of Georgia as alleged more fully below.

10.      Venue is proper in this District under 28 U.S.C. §1391(b) because Plaintiff resides in this district, Defendants conducts business in this district, and communications giving rise to this action occurred in this district.

## SUBSTANTIVE ALLEGATIONS

11.      The FCRA is a federal statute designed to protect consumers from the harmful effects of inaccurate information contained their consumer credit reports.   Thus, Congress enshrined the principles of "fair and accurate credit reporting" and the "need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness" in the very first provision of the FCRA.   *See* 15 U.S.C. §1681a.

12.      To that end, the FCRA imposes the following twin duties on consumer reporting agencies (or credit bureaus): (i) credit bureaus must devise and implement reasonable procedures to ensure the "maximum possible accuracy" of information contained in consumer reports; and (ii) credit bureaus must reinvestigate the facts and circumstances surrounding a consumer's dispute and timely correct any inaccuracies.

13.      Credit bureaus must immediately notify a furnisher if a consumer disputes the accuracy of information reported by that furnisher.  Section 1681s-2(b) requires a furnisher, upon receiving a consumer's dispute, to conduct an investigation, mark the accounts as disputed, and update the reporting if necessary.

14.     Plaintiff has a legally protected interest in Defendants fulfilling their duties under the FCRA.

15.     Defendants have been reporting inaccurate payment status information about Plaintiff's Federal Loan account.

16.     Specifically, although the account was closed and had a $0 balance, Defendants reported that the current payment status of the account was at least 120 days late.

17.     This reporting was materially misleading because it conveyed that Plaintiff was currently delinquent on payments, when that was not the case.

18.     On July 1, 2020, Plaintiff disputed the reporting by submitting a written dispute through Defendant's FCRA compliance department.

19.     Defendant, in turn and as required by federal statute, notified the furnisher of Plaintiff's dispute.

20.     The receipt of the dispute triggered Defendants' obligation to conduct an investigation, mark the account as disputed, and correct the misleading reporting.

21.     Defendants, however, failed to conduct an investigation, failed to mark the account as disputed, and failed to correct the misleading reporting.

22.     Plaintiff's credit score decreased and was negatively affected by Defendants' actions.

23.     Plaintiff has been forced to deal with the aggravation, humiliation, and embarrassment of a low credit score.

24.     Accordingly, Plaintiff is entitled to damages.

4

## CAUSES OF ACTION

## COUNT I

## Against TransUnion and Experian for Violations of the FCRA, 15 U.S.C. §1681e and

## §1681i

25.   Plaintiff repeats and realleges the foregoing allegations if set forth in full herein.

26.   The FCRA imposes a duty on credit reporting agencies to devise and implement

procedures to assure the "maximum possible accuracy" of credit reports, as follows:

> Whenever a consumer reporting agency prepares a consumer report,
> it shall follow reasonable procedures to assure ***maximum possible
> accuracy*** of the information concerning the individual about whom
> the report relates.

> 15 U.S.C. §1681e(b) (emphasis added).

27.   Upon receiving a consumer's dispute, credit bureaus are legally required to conduct

an investigation and correct the disputed information contained in the report, as follows:

> …if the completeness or accuracy of any item of information
> contained in a consumer's file at a consumer reporting agency ***is
> disputed by the consumer*** and the consumer notifies the agency
> directly, or indirectly through a reseller, of such dispute, ***the agency
> shall, free of charge, conduct a reasonable reinvestigation to
> determine whether the disputed information is inaccurate and
> record the current status of the disputed information***, or delete the
> item from the file in accordance with paragraph (5), before the end
> of the 30-day period beginning on the date on which the agency
> receives the notice of the dispute from the consumer or reseller.

> *Id.* §1681i(a)(1) (emphasis added).

28.   Credit reporting agencies are further required to provide prompt notice of the

consumer's dispute to the furnisher of the disputed information, as follows:

> ***Before the expiration of the 5-business-day period*** beginning on
> the date on which a consumer reporting agency receives notice of a
> dispute from any consumer or a reseller in accordance with
> paragraph (1), ***the agency shall provide notification of the dispute
> to any person who provided any item of information in dispute, at***

*the address and in the manner established with the person*. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer or reseller.

*Id.* §1681i(a)(2) (emphasis added).

29. Defendants failed to follow reasonable procedures to ensure maximum possible accuracy of the information reported on Plaintiff's credit reports.

30. Although Plaintiff disputed the inaccurate information in writing, TransUnion willfully, or at least negligently, failed to perform a reasonable investigation and failed to remove the inaccurate information.

31. Defendants' willful and/or negligent failure to follow reasonable policies and procedures was a direct and proximate cause of Plaintiff's injury.

32. As a result of Defendants statutory violations, Plaintiff suffered statutory and actual damages as described herein and is entitled to recover statutory, actual, and punitive damages under 15 U.S.C. §1681n and §1681o.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands a judgment:

a) awarding Plaintiff statutory money damages, actual damages and punitive damages, including pre-judgment and post-judgment interest;

b) awarding attorney's fees and costs, and other relief; and

c) awarding such other relief as to this Court may seem just and proper.

DATED: February 25, 2021

/s/ Misty Oaks Paxton
Misty Oaks Paxton, Esq.
THE OAKS FIRM
3895 Brookgreen Pt.
Decatur, Georgia 30034
Tel: (404) 725-5697
Email: attyoaks@yahoo.com


Ari Marcus, Esq.
**PRO HAC VICE APPLICATION TO BE FILED**
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
Tel: 732 695-3282
Fax: 732 298-6256
Ari@marcuszelman.com

*Attorneys for Plaintiff*